UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case Number 08-20497-BC
v.                                      Honorable Thomas L. Ludington

ROBERT NOEL,

      Defendant.

_____/

## ORDER RESOLVING VARIOUS PRETRIAL MOTIONS, SETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES AND DETERMINING EXCLUDABLE DELAY

On September 24, 2008, Defendant Robert Noel, who is proceeding pro se, was indicted on three counts of violations of 18 U.S.C. § 922(e) and (g)(1), knowingly possessing, in and affecting commerce, firearms, by a person convicted of a crime punishable by imprisonment for a term exceeding one year, on August 3, 2007, and July 24 and August 21, 2008. On January 11, 2010, the Court entered an order granting Defendant a *Franks* hearing on his motion to suppress evidence related to count three of the indictment arising out of a search warrant executed on August 21, 2008. The Court also denied Defendant's motions to suppress evidence related to counts one and two of the indictment.

Subsequently, the government submitted an ex parte petition to dismiss count three of the indictment without prejudice. The petition provides in full:

> The United States of America, by its undersigned attorney, respectfully requests that the Court dismiss Count Three of the Indictment without prejudice, for the reason that it is in the interest of justice to do so.

While noting no apparent impediment to granting the relief sought by the government, the Court provided Defendant with notice and an opportunity to respond to the government's petition. *See* [Dkt. # 87].

On or about February 3, 2010, Defendant filed an objection to dismissal of count three [Dkt. # 98], contending that count three "must be adjudicated on the merits of Defendant's motions to suppress." Significantly, even if Defendant's motions to suppress evidence related to count three were granted, that would not result in the adjudication of the "merits" of count 3. In other words, count three would not necessarily be dismissed – the government could elect to prosecute the charge without the benefit of the suppressed evidence. While Defendant may prefer that the Court resolve his motion to suppress before addressing the government's petition to dismiss count 3, Defendant had not advanced a justification for doing so. Thus, the government's petition will be granted.

In light of the dismissal of count three, the remaining pending motions and objections related to that count will be denied as moot. The motions include Defendant's motion to suppress [Dkt. # 17], motion for suppression [Dkt. # 19], amended motion to suppress [Dkt. # 52], all of which seek the suppression of evidence related to count 3. The moot motions also include Defendant's motion for reconsideration of order denying as moot motion for subpoena [Dkt. #79], through which Defendant sought production of evidence that he viewed as exculpatory with respect to count 3. Finally, the moot motions include a request for a "subpoena duces tecum" [Dkt. # 102] for Mr. Perry to testify at the now moot *Franks* hearing.

Given that there is no need for a *Franks* hearing, that portion of the hearing scheduled for March 15, 2010, will be canceled. However, Defendant's motion for disclosure of informants [Dkt. # 83] and motion for discovery [Dkt. # 84] remain scheduled for hearing on that date. Additionally,

the government remains directed to locate the property identified in Defendant's motion for return of property [Dkt. # 33] and to furnish a written explanation for its retention in advance of the hearing. While the Court's prior order did not identify a specific date by which the government was required to provide the written explanation, the government will be required to provide it ten days in advance of the hearing, on March 5, 2010. Given that the time for the government to provide this information has not yet passed, Defendant's "objections to the government prosecutor . . . failure to locate the Defendant's property explanation for its retention" [Dkt. # 105] will be overruled as premature.

Similarly, Defendant's "objection to the government failure to comply with the discovery order directed by the Court to file responses to Defendant's motion for disclosure of informants . . . and motion for discovery" [Dkt. # 95] will be overruled because the government filed the responses as directed. Notably, the government was not directed to disclose the informants or provide discovery to Defendant, only to provide responses to Defendant's motions. The merits of those motions will be considered at the hearing on March 15, 2010.

Additionally, at this juncture, Defendants "objection and motion for reconsideration for *Franks* hearing in counts 1, 2 and the search executed September 4, 2008 . . . and objections and motion for reconsideration for motion to dismiss, Brady violation and prosecutorial misconduct . . ." [Dkt. # 91], as supplemented by Defendant's "affidavit" [Dkt. # 108], will be denied. Defendant's "objections and motion for reconsideration in counts 1, 2 and search warrant executed September 4, 2008, lack of nexus to house at 1123 Brown Street" [Dkt. # 92], as amended by two supplemental briefs [Dkt. # 101, 107], will also be denied. Defendant's motions do not advance any facts or law that undermine the Court's conclusions in its orders [Dkt. # 72, 86] dated October 26, 2009, and

January 11, 2010. Rather, Defendant restates his arguments that evidence related to counts 1 and 2 should be suppressed and that he is entitled to a *Franks* hearing because the affidavits supporting the search warrants executed on August 3, 2007, and July 24, 2008, lacked probable cause, contained false statements, and the Assistant United States Attorney ("AUSA") assigned to this case fabricated documents.

Defendant's motions do not alter the Court's conclusions that Defendant is not entitled to a *Franks* hearing because he did not make a "substantial preliminary showing," *United States v. Rodriguez-Suazo*, 346 F.3d 367, 648 (6th Cir. 2003), that the affidavits in support of the search warrants contained deliberately false statements or that affiants showed a reckless disregard for the truth; that the search warrants executed on August 3, 2007, and July 24, 2008, were supported by probable cause; and that if probable cause were lacking, the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984) applies. Additionally, the government does not intend to introduce the items seized pursuant to the search warrant executed on September 4, 2008; therefore, Defendant's motions to suppress that evidence remain moot. Thus, Defendant's motions for reconsideration will be denied.

Defendant has also filed several new motions, addressing issues not previously presented to the Court. Three of these motions can be resolved at this juncture. First, Defendant filed a request for "judicial notice of adjudicative facts and a judicial notice of law in counts 1, 2 and the search executed September 4, 2008" [Dkt. # 103]. Defendant has not identified any specific facts of which the Court should take judicial notice nor the basis for so doing; thus, the request will be denied.

Second, Defendant filed a motion for discovery of personnel records [Dkt. # 97]. In this motion, Defendant requests that the government produce records related to discipline, performance

evaluations, and complaints made against Detective Andrew Carlson of the Saginaw Police Department, Detective Carrie Guerrero of the Bay Area Narcotics Enforcement Team ("BAYANET"), and Detective Tim Larrison of BAYANET. Defendant anticipates that Detective Carlson will testify at the now moot *Franks* hearing, and that Detectives Guerrero and Larrison will testify at trial. Defendant's motion will be denied as moot with respect to Detective Carlson because there will be no *Franks* hearing, but Defendant's motion as it pertains to Detectives Guerrero and Larrison will be scheduled for hearing and the government will be directed to file a response on or before March 3, 2010.

Third, Defendant's "investigative subpoena" [Dkt. # 104], which requests that the government answer certain questions and produce certain documents will be denied as moot. To the extent that Section I of Defendant's document raise issues related to Defendant's motions to suppress the evidence as to counts 1 and 2 and the search warrant executed September 4, 2008, the questions are moot because the motions to suppress have already been resolved. To the extent that the questions relate to the government's explanation for the retention of Defendant's property, the questions are moot because they are duplicative of information that the government has already been directed to provide. To the extent that Defendant asks questions regarding whether certain documents are in the government's possession, the questions are moot because they are duplicative of Defendant's pending discovery motion [Dkt. # 84]. Similarly, the questions in Section II related to the disclosure of informants and in Section IV requesting the production of certain documents, are moot because they are duplicative of Defendant's pending motion for disclosure of informants [Dkt. # 83] and discovery motion [Dkt. # 84]. Finally, the questions in Section III requesting the disclosure of personnel records of Detectives Carlson, Guerrero, and Larrison are moot as

Defendant's request has already been denied as moot in part and remains pending in part, as discussed above.

Lastly, the Court will direct the government to file a response to Defendant's "demand for bench trial" [Dkt. # 96] filed on February 23, 2010. *See* Fed. R. Crim. P. 23(a) (requiring a jury trial "unless (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves"). The government will be directed to file the response on or before March 3, 2010.

Accordingly, it is **ORDERED** that the government's petition to dismiss count three of the indictment is **GRANTED**.

It is further **ORDERED** that Defendant's objection [Dkt. # 98] is **OVERRULED**.

It is further **ORDERED** that count three of the indictment [Dkt. # 7] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant's motion to suppress [Dkt. # 17], motion for suppression [Dkt. # 19], amended motion to suppress [Dkt. # 52], motion for reconsideration [Dkt. # 79], request for "subpoena duces tecum" [Dkt. # 102] are **DENIED AS MOOT**.

It is further **ORDERED** that the *Franks* hearing scheduled for March 15, 2010, is **CANCELED IN PART AS MOOT**. Defendant's motion for disclosure of informants and motion for discovery remain scheduled for hearing on that date. Additionally, the government remains directed to locate the property identified in Defendant's motion for return of property [Dkt. # 33] and to furnish a written explanation for its retention in advance of the hearing on or before **March 5, 2010**.

It is further **ORDERED** that Defendant's "objections to the government prosecutor . . . failure to locate the Defendant's property explanation for its retention" [Dkt. # 105] and Defendant's

"objection to the government failure to comply with the discovery order directed by the Court to file responses to Defendant's motion for disclosure of informants . . . and motion for discovery" [Dkt. # 95] are **OVERRULED**.

It is further **ORDERED** that Defendants "objection and motion for reconsideration for *Franks* hearing in counts 1,2 and the search executed September 4, 2008 . . . and objections and motion for reconsideration for motion to dismiss, Brady violation and prosecutorial misconduct . . ." [Dkt. # 91] and Defendant's "objections and motion for reconsideration in counts 1, 2 and search warrant executed September 4, 2008, lack of nexus to house at 1123 Brown Street" [Dkt. # 92], as amended by a supplemental brief [Dkt. # 101] are **DENIED**.

It is further **ORDERED** that Defendant's request for "judicial notice of adjudicative facts and a judicial notice of law in counts 1, 2 and the search executed September 4, 2008" [Dkt. # 103] is **DENIED**.

It is further **ORDERED** that Defendant's motion for discovery of personnel records [Dkt. # 97] is **DENIED AS MOOT IN PART** and **SCHEDULED FOR HEARING IN PART on March 15, 2010**, and that the government is **DIRECTED** to file a **RESPONSE** on or before **March 3, 2010**.

It is further **ORDERED** that Defendant's "investigative subpoena" [Dkt. # 104] is **DENIED AS MOOT**.

It is further **ORDERED** that the government is **DIRECTED** to file a response to Defendant's "demand for bench trial" [Dkt. # 96] on or before **March 3, 2010**.

It is further **ORDERED** that the time from **January 7, 2009 to February 23, 2010** is **DETERMINED** to be **EXCLUDABLE DELAY** pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H)

on the basis of actual delay resulting from the filing of Defendant's motion to suppress [Dkt. # 17] and the following intervening defense motions also filed and resolved during that time period [Dkt. # 18, 19, 20, 21, 22, 24, 25, 27, 33, 34, 39, 49, 51, 52, 56, 58, 67, 73, 79, 91, 92, 101].

It is further **ORDERED** that the matter is **SCHEDULED** for a final pretrial conference on **March 22, 2010 at 11:00 a.m.** and a trial on **April 6, 2010 at 8:30 a.m.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 23, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS