UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case Number 08-20497-BC
v.                                   Honorable Thomas L. Ludington

ROBERT NOEL,

    Defendant.
_____/

## ORDER DENYING AS MOOT DEFENDANT'S MOTION TO STAY PROCEEDINGS AND DEFENDANT'S MOTION TO PRECLUDE CROSS-EXAMINATION OF DEFENDANT AND DENYING DEFENDANT'S MOTIONS FOR DISMISSAL OF COUNTS 1 AND 2

On April 9, 2010, at the conclusion of a jury trial in this Court, Defendant was convicted of two counts of violating 18 U.S.C. § 922(g)(1), for being a felon in possession of a firearm. A sentencing hearing is scheduled for July 22, 2010; however, several of Defendant's pro se motions remain pending. Now before the Court are Defendant's motion to preclude cross-examination of Defendant as to prior convictions or bad acts [Dkt. # 133], Defendant's motion to stay proceedings [Dkt. # 121], and Defendant's three motions to dismiss counts 1 and 2 due to speedy trial violations [Dkt. # 131, 132, 144].

First, Defendant's motion to preclude cross-examination of Defendant as to prior convictions or bad acts [Dkt. # 133] will be denied as moot, as the trial concluded on April 9, 2010. Second, Defendant's motion to stay proceedings [Dkt. # 121] will be denied as moot because the Sixth Circuit Court of Appeals dismissed Defendant's interlocutory appeal as premature on July 8, 2010. Third, Defendant's motions to dismiss counts 1 and 2 [Dkt. # 131, 132, 144] will be denied for the reasons stated below.

Defendant's pro se motions to dismiss filed at Docket Nos. 131 and 132 are identical,[1] and the pro se motion filed at Docket No. 144 is substantively the same. In general, Defendant asserts that his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, were violated based on the delay before trial because he did not cause the delay and he was prejudiced by the delay. Defendant's standby counsel, Kenneth Sasse, filed a supplemental brief [Dkt. # 146] on Defendant's behalf, advancing the four-factor balancing test of *Barker v. Wingo*, 407 U.S. 514 (1972). The government filed a response [Dkt. # 147] in opposition.

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. Similarly, the Speedy Trial Act imposes time limitations on when a criminal defendant must be brought to trial. *See* § 3161(b) (generally allowing for thirty days between an arrest and an indictment); § 3161(c)(1) (generally allowing for seventy days between the filing of an indictment and a trial). As between the Speedy Trial Act and the Sixth Amendment, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989) (quotations omitted).

In *Barker*, the Supreme Court identified four factors that district courts must consider in determining whether a defendant has been denied a speedy trial in violation of the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion

---

[1] It is possible that a docketing error occurred and that Defendant only intended to file this motion once, as the second of the two motions has Defendant's witness and exhibit lists for trial attached. It is potentially only the witness and exhibit lists that should have been docketed.

of his right; and (4) the prejudice to the Defendant. 407 U.S. at 530. In *Doggett v. United States*, 505 U.S. 647 (1992), the Court "refined the inquiry," by explaining that a court must balance "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *Doggett*, 505 U.S. at 651). The factors "must be considered together" and "[n]one of these factors alone is sufficient to establish a violation of the Sixth Amendment." *Id.*

First, Defendant contends that the "length of the delay" weighs against the government. Defendant asserts that the length of delay is measured from "the earlier of the date of indictment or the date of arrest," quoting *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)), and *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005). Defendant emphasizes that he was initially arrested by local authority in Saginaw County on August 21, 2008; that after he was released on bond he was again arrested by local authorities on September 4, 2008; that on September 17, 2008, local charges against Defendant were dismissed and Defendant was taken into federal custody for appearance on a complaint; that a federal indictment was returned against Defendant on September 4, 2008; and that Defendant's trial did not commence until April 6, 2010. Defendant asserts that a delay approaching one year, or greater, is "presumptively prejudicial," citing *Doggett*, 505 U.S. at 652 n.1, and that the delay of approximately a year and a half before his trial here weighs against the government.

Second, with respect to the "reason for the delay," Defendant asserts that the government has not advanced an explanation. Defendant contends that "[u]nexplained delay is weighed against the

prosecution," quoting *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987). Defendant contends that his own pretrial motions do not justify the delay because they were not brought for the purpose of delay.

Third, Defendant insists that he has repeatedly requested a speedy trial and objected to delays in the proceedings, and that his assertions are "entitled to strong evidentiary weight," quoting *Barker*, 407 U.S. at 531-32. In particular, Defendant highlights the fact that he requested bond on September 18, 2008, and suggests that such a request is the functional equivalent of the request for a speedy trial, citing *Maples*, 427 F.3d at 1029, and *Redd*, 809 F.2d at 1271. In addition, Defendant filed a statement asserting his right to a speedy trial on April 7, 2009, *see* [Dkt. # 35]; he objected to the government's request for an extension of time to respond to his motion on November 19, 2009, *see* [Dkt. # 82]; and he objected to other delays on the record at various hearings.

Fourth, Defendant asserts that he has been prejudiced with respect to three interests that the right to a speedy trial is intended to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired," quoting *Barker*, 407 U.S. at 531-32. Defendant contends that he was subjected to oppressive pretrial incarceration because he was incarcerated from September 4, 2008, until the beginning of his trial on April 6, 2010, citing *Redd*, 809 F.2d at 1272 (finding that ten months of incarceration is prejudicial). Defendant further contends that such a lengthy period impairs his interest in minimizing anxiety and concern. Finally, Defendant contends that he was "hindered in his ability to gather evidence, contact witnesses, or otherwise prepare for his defense," quoting *Barker*, 407 U.S. at 533, particularly because he exercised his right to self representation.

In response, the government acknowledges that "the length of the delay" is sufficient to trigger the speedy trial analysis. However, the government emphasizes that in assessing the "reason for delay," the court's "core task is determining which party shoulders the balance of blameworthiness for this delay," quoting *O'Dell*, 247 F.3d at 667. The government contends that the delay in this case was due almost entirely to the many pretrial motions filed by Defendant himself or through defense counsel. The government identifies over thirty motions or objections filed by Defendant and approximately ten supplemental or amended filings, all of which necessitated attention from the Court and the government. In contrast, the government emphasizes that it only requested one extension of time to file a response, from November 2 to November 23, 2009.

The government summarizes the timeline of the proceedings as follows:

Defendant was arrested and brought to federal court on a complaint on September 17, 2008, and has been held in custody since that date. An indictment was returned by the grand jury on September 24, 2008. (R.7: Indictment). On October 9, 2009, the Court conducted a scheduling conference, at which defendant's attorney requested additional time to review discovery material and discuss it with defendant. The parties specifically agreed that the interests of justice served by such an adjournment would outweigh the interests of the defendant and the public in a speedy trial, and stipulated that the resulting delay would be excludable from the time period within which trial would otherwise be required to commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The Court therefore ordered that the period from October 9, 2008, until January 9, 2009, be excluded in calculating the time limits under that Act. (R. 12: Scheduling Order and Order to Continue).

On January 7, 2009, defense counsel filed several motions to suppress evidence. (R. 16: Motion to Suppress Evidence; R. 17: Motion to Suppress Evidence; R. 18: Motion to Suppress Evidence). On January 21, 2000, defendant, acting pro se, filed three more suppression motions. (R. 19: Motion for Suppression; R. 20: Motion for Franks Hearing and Suppression; R. 21: Motion to Suppress / For Lack of Jurisdiction). On February 2, 2009, the government responded to the motions filed by counsel, but (in accord with the Court's usual instructions) not to defendant's pro se motions. (R. 26: Response [to R. 16, R. 17, and R. 18]). Defendant, pro se, filed a motion to dismiss, and "Addendums" to two of his motions to suppress. (R. 27: Motion to Dismiss; R. 30: Addendum to R. 20; R. 31: Addendum to R. 19). The Court conducted a hearing on these, and other motions on March 6, 2009. Defense counsel requested a continuance to review the pro se motions. The Court granted this request and continued the hearing until after defendant had submitted a brief

identifying those parts of defendant's pro se motions that he could professionally and ethically advance. (R. 32: Order Continuing Hearing on Motions).

Defense counsel filed his supplemental brief on April 7, 2009 (R. 36: Supplemental Brief), identifying those pro se arguments which he considered to be viable. On April 29, 2009, defendant, pro se, filed an objection to his attorney's supplemental brief. (R. 37: Objections to Supplemental Brief). Accordingly, defendant's attorney filed a motion to withdraw as counsel. (R. 39: Second Motion for Withdrawal of Attorney Russell J. Perry). The parties stipulated to another "ends of justice" continuance until May 22, 2009, while they negotiated issues in the case, and the court granted such a continuance. (R. 40: Stipulation and Order for Continuance). On May 21, 2009, the Court granted attorney Perry's motion to withdraw; appointed attorney Sasse to represent defendant; and ordered an ends of justice continuance until June 22, 2009, to allow attorney Sasse adequate time to prepare for trial. (R. 41: Order Granting Withdrawal, Appointing New Counsel, and Determining Excludable Delay).

After attorney Sasse entered an appearance, the parties stipulated to, and the Court ordered an additional ends of justice delay until July 31, 2009, to allow new counsel to prepare for the hearing on the pending motions. (R. 43: Stipulation and Order for Continuance of Hearing on Motions). On June 29, 2009, a status conference was conducted. Defense counsel requested an additional 30 days' continuance in order to consult with defendant on the twelve pending defense motions. The Court granted the request, and continued the hearing on these motions until September 22, 2009. (R. 47: Order Continuing Hearing on Motions).

On August 3, 2009, attorney Sasse filed a motion for determination of his role, as defendant continued to file documents pro se. (R. 56: Motion for Determination of Counsel's Role). After a hearing on September 22, 2009, the Court ordered that defendant be allowed to represent himself; that attorney Sasse continue in the case only as standby counsel; and that the government, therefore, respond to defendant's pro se filings by October 1, 2009. (R. 68: Order Granting Standby Counsel, etc.). The government filed a timely response (R. 70), and a hearing was held on October 21, 2009. On October 26, 2009, the Court entered an order resolving several of the pending motions, and continuing others for further action by the parties. (R. 72: Order on numerous pretrial motions).

As directed by that order, the government filed a supplemental brief on those motions that were still pending on November 23, 2009. (R. 81: Supplemental Brief). Defendant, pro se, filed additional motions during November and December or 2009. (R. 73: Motion to Dismiss; R. 79: Motion for Reconsideration; R. 83: Motion for Disclosure of Informants; and R. 84: Motion for Discovery). On January 11, 2010, the Court granted defendant's motion for a Franks hearing on his motions to suppress evidence; granted in part his motion for return of property; directed the government to file a further response to defendant's motion for disclosure of informants; and denied several other motions. (R. 86: Order re: motions).

On January 19, 2010, in response to the order granting the Franks hearing, the government moved to dismiss Count Three of the indictment. (R. 110: Petition for Dismissal of Count Three). Defendant objected to the dismissal. On February 23, 2010, the Court

resolved this, and several other pending motions. The Court granted the motion to dismiss Count Three; denied several pending defense motions; and ordered further proceedings on other pending motions. (R. 109: Order Resolving Various Pretrial Motions). This order also expressly determined that the entire time period between January 7, 2009, and February 23, 2010, be excluded from the calculations under the Speedy Trial Act, pursuant to Section 3161(h)(1)(D) and (H), as delay resulting from defendant's motion to suppress (R. 17) and subsequent defense pretrial motions (R. 18, 19, 20, 21, 22, 24, 25, 27, 33, 34, 39, 49, 51, 52, 56, 58, 67, 73, 79, 91, 92, and 101). (Id., at 7-8). That order was later corrected by deleting reference to R. 33 as resolved, since that motion was still pending in part. (R. 115: Order Correcting Scrivener's Error).

Thereafter, defendant filed an interlocutory appeal and moved for a stay of proceedings in this Court pending resolution of the appeal. (R. 118: Notice of Appeal; R. 121: Motion to Stay Proceedings). On March 15, 2010, the Court conducted a hearing on four pending defense motions. On March 16, 2010, the Court ordered that his motions for return of property; disclosure of informants; discovery; and discovery of personnel records be denied. (R. 122: Order re: Motions). The Order also expressly ordered that the time from March 23, 2009, until March 16, 2010, be excluded from Speedy Trial Act calculations pursuant to Section 3161(h)(1)(D) and (H) as a period of delay resulting from pretrial motions, specifically, R. 33, R.83, R. 84, and R. 97. (Id., at 10).

On March 22, 2010, the Court conducted a pretrial conference, and then scheduled trial for April 6, 2010. (R. 125: Order Pursuant to Pretrial Conference). On April 5, 2010, defendant, pro se, filed a motion for dismissal of counts one and two based on alleged violations of the Speedy Trial Act and the Sixth Amendment. (R. 132: Motion for Dismissal). Trial began the following day. . . .

Gov't Br. 2-8. Based on the above, the government asserts that Defendant is almost exclusively to blame for the delay in his trial.

The government also challenges Defendant's contention that he exercised his speedy trial rights simply by requesting bond. In *Maples*, cited by Defendant, the defendant's motion for bond referred to Michigan's 180 day speedy trial rule. 427 F.3d at 1029. Here, Defendant's motion for bond did not refer to the Speedy Trial Act. The government acknowledges that Defendant later asserted his right, *see* [Dkt. # 35], but contends that Defendant wavered in his assertion. For example, Defendant subsequently requested additional time to review discovery with his attorney. Indeed, Defendant even requested a stay of proceedings to allow the Sixth Circuit to review his

-7-

interlocutory appeal. Thus, the government suggests that Defendant's own conduct undermines his assertion of his right to a speedy trial.

Finally, the government argues that Defendant has not established "substantial prejudice," *United States v. Schreane*, 331 F.3d 548, 557 (6th Cir. 2003), through the vague assertion that his pretrial incarceration "severely limited his ability to effectively prepare his case."

Taking into account all of the facts and arguments advanced by Defendant and responded to by the government, Defendant has not established that his Sixth Amendment right to a speedy trial was violated, nor has he established a violation of the Speedy Trial Act. Under the Speedy Trial Act, Defendant was indicted within thirty days of being taken into federal custody. In addition, no more than thirty-four days are countable towards the calculation of the seventy-day time limit, as explained in the Court's prior orders and upon further review.

The delay in the case was due primarily, if not exclusively, to the myriad pretrial motions filed by Defendant and the need to clarify Defendant's sometimes ambiguous conduct concerning whether he wished to proceed pro se or through defense counsel. Moreover, any prejudice that Defendant alleges he experienced with respect to his ability to pursue his defense due to his incarceration and decision to proceed pro se was ameliorated by the fact that Defendant always had highly competent and cooperative standby counsel to assist him in his defense. Defendant has not identified any specific prejudice that could not have been addressed by this arrangement. Based on a review of the parties' filings and the entire court record, it is determined that Defendant's speedy trial rights have not been violated. Thus, Defendant's motions will be denied.

Accordingly, it is **ORDERED** that Defendant's motion to preclude cross-examination of Defendant as to prior convictions or bad acts [Dkt. # 133] and Defendant's motion to stay proceedings [Dkt. # 121] are **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's motions to dismiss counts 1 and 2 [Dkt. # 131, 132, 144] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 21, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS