**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ROBERT NOEL,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 08-CR-20497
CIVIL CASE NO. 14-CV-10669

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTIONS UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE and
VARIOUS OTHER MOTIONS**
(Docs. 187, 217, and 230, and Docs. 198, 199, 202, 203, 205, 208)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that all the motions be **DENIED**.

**II.    REPORT**

    **A.     Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, are the above-entitled motions to vacate sentence, which were filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Robert Noel ("Noel") (Docs. 187, 217, and 230) and various other motions. (Docs. 198, 199, 202, 203, 205, and 208.) An initial Report and Recommendation ("R&R") on all the motions except the most recently filed motion to vacate

conviction under *Hazel-Atlas* authority (Doc. 230) and motion to vacate (Doc. 217), was rejected because the court had not ordered the government to respond to the motion, although it acknowledged that the court is not required to order the government to respond. (Doc. 220.) The district judge admonished that "disposition of the motion shall be withheld until that response [by the government] is filed and appropriately considered or the date the response is due has passed." (Doc. 220 at ID 2429.)

After the court ordered the government to respond, the government sought several extensions of time in which to respond and eventually responded. (Doc. 229.) The government's response relies largely on a three-page block quote from the initial R&R. (Doc. 229 at ID 2450-53.) Noel has replied to the response. (Doc. 232.) The court finds that Noel's most recent motion under *Hazel-Atlas* authority is supplementary to his other motions to vacate that does not require further briefing from the government.

The undersigned has considered all the arguments raised by the parties in all the motions, responses, and replies, even if not specifically summarized or referenced. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motions are ready for Report and Recommendation without oral argument.

**B.      Background**

Noel was charged in a three-count indictment with: (1) felon in possession of a firearm on August 3, 2007, under 18 U.S.C. § 922(g)(1) & (e); (2) felon in possession of a firearm on July 24, 2008, under 18 U.S.C. § 922(g)(1) & (e); and (3) felon in possession of a firearm on August 21, 2008, under 18 U.S.C. § 922(g)(1) & (e). Count three was dismissed on February 23, 2010.

(Doc. 109.) A jury trial was held from April 6, 2010 through April 9, 2010. The jury returned a verdict of guilty on the two remaining counts on April 9, 2010. (Doc. 136.)

On July 22, 2010, after considering the 18 U.S.C. § 3553 factors, the Court sentenced Noel to 188 months' imprisonment on Counts 1 and 2, with the terms to run concurrently. (Doc. 154 at 2.) The judgment was entered on July 23, 2010. (*Id.*)

Noel appealed, arguing that: (1) his speedy trial rights were violated; and (2) the district court improperly denied him a *Franks* hearing; and (3) that he was improperly sentenced as an armed career criminal. (Doc. 177.) The Sixth Circuit considered all the issues presented and upheld the conviction and sentence. (*Id.*) The Sixth Circuit mandate was filed on October 22, 2012. (Doc. 178.) Noel's petition for a writ of certiorari was denied by the U.S. Supreme Court on February 19, 2013. (Doc. 184.)

Noel filed a motion to dismiss in the district court arguing that the court lacked subject matter jurisdiction to prosecute him because his alleged crimes occurred on property located in State of Michigan but not in the United States. The motion was denied, and Noel appealed to the Sixth Circuit Court of Appeals again. (Docs. 180, 181.) On October 30, 2013, the Sixth Circuit denied Noel's appeal. (Doc. 185.) A mandate issued on November 26, 2013. (Doc. 186.)

    **C.**    **Governing Law and Standards**–Docs. 187, 217, and 230

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a

3

claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *United States v. Frady*, 456 U.S. 152, 167-68 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

4

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

    **D.**    **Analysis and Conclusions**–Docs. 187, 217, and 230

    **1.**    **Docket 187**

In this motion, Noel contends that: (1) appellate counsel was constitutionally ineffective for failing to competently litigate a Sixth Amendment speedy trial issue; (2) appellate counsel was constitutionally ineffective for failing to litigate a Fourth and Fourteenth Amendment issue; (3) appellate counsel was constitutionally ineffective for failing to competently litigate a viable and potentially meritorious Fourth and Fourteenth Amendment issue; (4) appellate counsel was constitutionally ineffective for failing to raise a significant and obvious Sixth Amendment issue regarding compulsory process for obtaining witnesses in his favor on appeal ; (5) he was denied confrontation; (6) he was denied his right to present his defense to the jury and his cross-

examination was limited; (7) trial counsel failed in his duty to investigate; (8) substitute trial counsel failed in his duty to investigate; (9) prosecutorial misconduct by misrepresenting evidence; (10) Brady violation based on withheld/suppressed evidence; (11) trial court ruling preventing discovery; (12) trial court ruling preventing return of money; (13) conflict of interest; (14) deprived of a trial on these sworn facts that started the judicial process in Saginaw County 70th District Court; and (15) judicial bias. (Doc. 187.)

Several grounds in the motion are raised under the rubric of ineffective assistance of counsel, when the appellate court found the underlying argument to be without merit, i.e. grounds one, two, three, ten and eleven.[1] Therefore, any claim that an attorney was ineffective for failing to raise the same error is procedurally barred. *See United States v. Ramirez*, 327 F. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . .was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[2] Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged

---

[1] Although he does not mention *Brady* in his tenth ground, he argues that exculpatory evidence was withheld and such an argument would have been subsumed in the *Brady* argument presented on appeal.

[2] *See also Hestle v. United States*, 426 F. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

6

errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Noel as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Noel's section 2255 motion as to his first, second, third, tenth, and eleventh grounds should be denied.

Noel's other claims based on ineffective assistance of counsel should be denied as well. Ground four contends that appellate counsel was ineffective for failing to raise a "Sixth Amendment compulsory process for obtaining witnesses in his favor on appeal." (Doc. 187 at 8.) Noel does not indicate what witnesses should have been called or what their testimony might have been. I therefore suggest that Noel has not shown how any alleged deficiency by counsel caused him any prejudice. *Strickland*, 466 U.S. at 688, 693. Failure to allege and make this required showing defeats the claim. *Id*. at 700.

Ground five alleges that appellate counsel failed to argue that Noel's Fifth and Sixth Amendment rights were violated by failing to argue violation of his "right to confront these alleged Confidential Informants out-of-court testimonial hearsay statements that were introduced at trial." (Doc. 187 at 14.) Noel does not indicate what statements were made or how the statements affected his trial. I therefore suggest that Noel again has not shown how any alleged deficiency by counsel caused him any prejudice. *Strickland*, 466 U.S. at 688, 693. Failure to allege and make this required showing defeats the claim. *Id*. at 700.

Ground six alleges that appellate counsel was ineffective for failing to object to the court's limitation of Noel's "cross-examination of Detective Carrie Guerrero's Trial testimony in front of the Jury." (Doc. 187 at 14.) Noel at least indicates whose testimony he is referring to but again does not indicate how this alleged lack of full cross-examination caused him any prejudice. Failure to

allege and make this required showing defeats the claim. *Strickland*, 466 U.S. at 700. Consequently, I suggest that this ground does not support his request for relief.

Grounds seven and eight allege that trial and appellate counsel were ineffective for failing to "adequately investigate his clients [sic] defense that there was never any crack cocaine controlled drug buys made from his residence." (Doc. 187 at 14, 15.) Ground nine alleges that appellate counsel was ineffective for failing to raise a prosecutorial misconduct claim based on the government's "misrepresent[ing] physical evidence of alleged crack cocaine in front of the Jury." (Doc. 187 at 15.) Since Noel was convicted of two counts of being a felon in possession of a firearm and not any controlled substance offenses, I suggest that any alleged errors regarding crack cocaine evidence could not have caused him any prejudice. *Strickland*, 466 U.S. at 688, 693.

Ground twelve contends that appellate counsel was ineffective for failing to argue for return of his money. (Doc. 187 at 16.) Noel does not indicate what money he is referring to or how it could have affected his case. I therefore suggest that Noel again has not shown how any alleged deficiency by counsel caused him any prejudice. *Strickland*, 466 U.S. at 688, 693. Failure to allege and make this required showing defeats the claim. *Id*. at 700.

Ground thirteen argues that appellate counsel was ineffective for failing to allege the conflict of interest between Noel's first trial attorney and himself. (Doc. 187 at 16.) As Noel acknowledges, his first trial attorney was allowed to withdraw from the case and substitute counsel was appointed. (*Id.*) Under these circumstances, the alleged conflict could not have effected the trial since any conflict was vitiated by the appointment of substitute counsel, thereby removing any potential prejudice to Noel. *Strickland*, 466 U.S. at 688, 693. I therefore suggest that this ground does not support his motion.

Ground fourteen alleges that appellate counsel was ineffective for failing to raise constitutional claims based on the testimony of officers during state court proceedings. (Doc. 187 at 17.) Since this court has no jurisdiction to right any alleged wrongs occurring in state court, I suggest that this ground is frivolous.

Finally, ground fifteen alleges that appellate counsel was ineffective for failing to allege a judicial bias claim. (Doc. 187 at 17.) Noel does not allege any specific actions taken by the judge, nor does he argue how any such actions prejudiced him. I therefore suggest that Noel again has not fully raised the issue nor has he shown how any alleged deficiency by counsel caused him any prejudice. *Strickland*, 466 U.S. at 688, 693. Failure to allege and make this required showing defeats the claim. *Id*. at 700.

I therefore suggest that Noel has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied on these grounds. (Doc. 187.)

**2.      Docket 217, and 230**

Noel's second motion to vacate sentence (Doc. 217) cites *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) which he argues provides for the "inherent authority of the Court" presumably to right the wrongs he alleges. (Doc. 217 at 1.) Noel's third motion references *Hazel-Atlas* in the title and reiterates Noel's reliance on that authority and arguments made under docket 217. (Doc. 230.) Therefore, arguments made and discussed under Docket 217 are also applicable to docket 230. I note that the *Hazel-Atlas* decision has been cited in recent cases for support in interpreting Fed. R. Civ. P. 60(b) to allow a court to grant relief from a judgment or order

9

for any reason that justifies relief under the court's inherent and discretionary power "to set aside a judgment whose enforcement would work inequity." *E.g., Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015).

Noel charges that "AUSA's [sic] . . . intentionally committed fraud upon the Court by engaging in severe misconduct by the non-disclosure during the discovery of information that would have incriminated two dirty Bay Area Narcotics Enforcement Team (BAYANET) Detectives" when they made false allegations in "State Affidavits for Search Warrants, that Mr. Noel had committed crimes under the State of Michigan's drug laws for selling crack cocaine to Confidential Informants in controlled drug buys to establish Probable Cause" and that the AUSAs "committed fraud by deliberately and intentionally failing to disclose exculpatory information that was very important and critical to Mitigating Mr. Noel's defense," i.e., when the government failed to "produce a laboratory report or prove, in fact, that the substance that was seized prior to the execution of the Warrant was, in fact, cocaine base" and instead relied on the "field test." (Doc. 217 at 2.) Noel contends that this fraud "stopp[ed] the Judicial Machinery of the Court, so it couldn't perform in the usual manner in its impartial task of adjudicating a determination of did Probable Cause really exist for the issuing of these Search Warrants that were presented for adjudication at the Franks Suppression hearing." (Doc. 217 at 2-3.)

Noel did not file any motion to amend his § 2255 motion, nor did he seek to certify his second motion by the Sixth Circuit as required under § 2255(h) and § 2244(b)(3)(A). However, since the original § 2255 motion has not yet been adjudicated, I suggest the court could consider this second motion if it were to construe the second motion as an attempt to amend the first motion

before the first motion was "decisively complete." *See, Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014).

Turning to the merits, I suggest that Noel has not raised any issue entitling him to relief. Noel challenged the BAYANET state search warrants on the grounds that they were not supported by probable cause, that the good faith exception should not apply, and that false information was included in the affidavit and material information was omitted by the AUSAs, seeking a *Franks* hearing. (Doc. 86 at ID 587-92.) The motions to suppress and for a *Franks* hearing were denied "in light of the fact that the government does not intend to introduce the items seized as evidence in this case." (Doc. 86 at ID 593-94; Doc. 109 at ID 696-97.) Since the evidence seized via the state warrants was not introduced against Noel in the instant case, they cannot provide evidence of a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall*, 21 F.3d at 109. In addition, I note that Noel could not prevail under *Hazel-Atlas* which requires "clear, unequivocal and convincing evidence" that there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which [was] directed at the court itself; and (4) in fact deceive[d] the court." *Herring v. United States*, 424 F.3d 384, 386-87 (3rd Cir. 2005). Because the fruits of the challenged state warrant were not introduced at trial, it could not have in fact deceived this federal court.

**E.     Evidentiary Hearing**–Docs. 198, 199, 202, and 203

Noel's motions to expand the court's record (Docs 198 and 199,) and his motions seeking discovery (Docs. 202, 203,) are construed as motions for an evidentiary hearing and it is recommended that they too should be denied.

11

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. In addition, all factual allegations made in the petition were assumed to be true. Furthermore, since I suggest that Noel cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Noel is not entitled to a hearing on the allegations raised in his motion.

**F.     Motion for leave to supplement issue**–Doc. 208

Noel seeks to add a Fourth Amendment claim based on a "faulty Affidavit for Search Warrants[.]" (Doc. 208 at 6.) I suggest that this motion should be denied because any such amendment of his § 2255 motion would be futile. Fourth Amendment claims are not cognizable under section 2255. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that Fourth Amendment claims are not cognizable on collateral review where a defendant had a full and fair opportunity to raise them on appeal because the exclusionary rule is a judicially created remedy rather than a constitutional right); *United States v. Johnson*, 457 U.S. 537, 562, n.20 (1982) (acknowledging applicability of *Stone v. Powell* to § 2255 cases); *Boone v. United States*, 100 F.3d 956 (6th Cir. 1996); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Chapman*, No. 06-cv-11127, 2006 WL 2160967, at *1 (E.D. Mich. July 31, 2006); *Hunt v. United States*, No. 2:09-cv-419, 2010 WL 3703205, at *5 (S.D. Ohio Sept. 17, 2010); *United States v. DeCarlo*, No. 06-2398-B/V, 03-20093-B, 2007 WL 1345320 (W.D. Tenn. May 7, 2007).

**G.     Motion seeking leave for appointment of counsel**–Doc. 205

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). An exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. The decision to appoint counsel for federal habeas motion proceedings is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "[H]abeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required

only if, given the difficulty of the case and a defendant's ability, the defendant could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Here, the issues are not exceptionally difficult, Noel possesses the ability to present his claims and has been zealous in his efforts thus far. I therefore find that the relevant factors weigh in favor of denying Noel's motion to appoint counsel.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

Date:  May 20, 2015                                S/ Patricia T. Morris
                                                      Patricia T. Morris
                                                      United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class mail to Robert Noel #42345039 at Elkton Division III FCI, P.O. Box 10, Lisbon, OH 44432.

Date: May 20, 2015                                By s/Kristen Krawczyk
                                                      Case Manager to Magistrate Judge Morris