UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                                    Case No. 08-cr-20497

v                                                                Honorable Thomas L. Ludington

ROBERT NOEL, #42345039

                    Defendant.
_____/

**OPINION AND ORDER REJECTING THE REPORT AND RECOMMENDATION,
ADRESSING DEFENDANT'S OBJECTIONS, DENYING MOTIONS TO VACATE
SENTENCE, DENYING MOTIONS TO EXPAND THE RECORD AND CONDUCT
DISCOVERY, DENYING MOTION TO APPOINT COUNSEL, DENYING MOTIONS
FOR LEAVE TO FILE, DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

On February 12, 2014, Defendant Robert Noel filed a pro se motion to vacate his
sentence under 28 U.S.C. § 2255. ECF No. 187. Noel listed fifteen grounds of error supporting
the vacatur of his conviction. *Id*. While the motion itself was lengthy, at thirty-six pages with
attachments, it did not include a brief in support of his grounds for relief. On the same day,
however, Noel filed a motion for an extension of time to file a brief in support of his § 2255
motion. ECF No. 189. He requested 120 days to file his brief. *Id*.

Noel's motions were referred to Magistrate Judge Charles E. Binder for consideration.
ECF No. 190. On February 20, 2014, Magistrate Judge Binder granted in part and denied in part
Noel's motion for an extension. ECF No. 192. Noel was given until April 7, 2014 to file his
brief. *Id*. On March 31, however, Noel sought another extension, this time for thirty days. ECF
No. 193. This motion was also referred and Magistrate Judge Binder granted the motion in part,
giving Noel until April 30, 2014, to file his brief. ECF No. 194. Noel timely filed his 156 page
brief, and its accompanying exhibits, in support of his § 2255 motion with the Court on April 30,

2014. ECF Nos. 196 & 197. Noel's brief and its accompanying exhibits were docketed on May 2, 2014. *Id.*

Since that time, the docket has become inundated with motions filed by Noel related to his § 2255 petition. *See* ECF Nos. 198, 199, 202, 203, 205, & 208. Those motions were also referred to Magistrate Judge Patricia T. Morris, to whom the case had been reassigned pursuant to 14-AO-023, June 6, 2014. *See* ECF Nos. 200, 204, 206, & 213.

On September 5, 2014, Judge Morris issued a report and recommendation which denied all of Noel's pending motions. ECF No. 214. On January 14, 2015, this Court rejected that report and recommendation because the report and recommendation needed to address a response the government had been directed to file and because several arguments made in Noel's supporting brief also needed to be addressed. The case was returned to the Magistrate Judge for further consideration.

Noel subsequently filed a two motions to vacate his conviction pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). ECF No. 217, 230. On May 20, 2015, Judge Morris issued a second report and recommendation. In that report, Judge Morris concluded that the Government's response to Noel's motion to vacate had now been considered, but the report did not refer to Noel's supplementary brief or the factual assertions that Noel makes in that brief.

Because Noel's motions have all been pending for over a year, and many for significantly longer than that, Noel's motions and arguments will be considered and resolved in the first instance, with reference to the arguments and objections made by Noel and the Government.

**I.**

On September 24, 2008, Noel was indicted on three counts of being a felon in possession of a firearm. ECF No. 7. The third count was dismissed on February 23, 2010. ECF No. 109. After a jury trial, Noel was convicted on the remaining two counts. ECF No. 136. On July 22, 2010, Noel was sentenced to a term of 188 months of imprisonment. Noel appealed his conviction. On July 16, 2012, the Sixth Circuit issued an opinion which affirmed the conviction. ECF No. 177; *United States v. Noel*, 488 F. App'x 928 (6th Cir. 2012). The Sixth Circuit specifically rejected Noel's argument that his Sixth Amendment and Speedy Trial Act rights were violated by the 19-month delay between Noel's arrest and trial. The Sixth Circuit also rejected Noel's argument that he was entitled to a *Franks* hearing to challenge the validity of the search warrants which produced the evidence used to convict him. 438 U.S. 154. Because Noel failed to show that the authorities knowingly and intentionally made false statements or recklessly disregarded the truth, the Sixth Circuit found that Noel's request for a hearing was properly denied. The Sixth Circuit also rejected Noel's argument that he should not have been sentenced as an armed career criminal. Noel's petition for a writ of certiorari from the United States Supreme Court was denied on February 19, 2013. ECF No. 184.

On February 12, 2014, Noel filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 187. In that motion, he raised fifteen grounds for relief. On May 2, 2014, Noel filed a brief supporting his motion to vacate. ECF No. 196. On May 21, 2014, Noel filed a motion to expand the record, ECF No. 198, by submitting an affidavit from himself which supported and explained his request for habeas relief. On May 29, 2014, Noel filed a second motion to for leave expand the record, ECF No. 199, with exhibits to his brief in support of the motion to vacate. On June 30, 2014, Noel filed two motions seeking production of documents and leave to conduct discovery. ECF Nos. 202, 203. On July 15, 2014, Noel filed a motion for

appointment of counsel. ECF No. 205. On July 28, 2014, Noel filed a motion addressing a supplemental basis for relief under § 2255. ECF No. 208. In that motion, he argued that his appellate counsel was constitutionally ineffective. Noel filed a motion to vacate his sentence on December 22, 2014. ECF No. 217. In that motion, Noel argued that his conviction should be vacated pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). Noel filed a second motion to vacate his sentence under *Hazel-Atlas* on May 1, 2015. ECF No. 230. On July 28, 2016, Noel filed another motion for leave to file a supplemental issue wherein he argued that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II.

"To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–638 (1993)). If alleging non-constitutional error, the petitioner must "show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Generally, failure to raise an issue on direct appeal precludes a court from reviewing the claim on collateral review unless the petitioner can show cause for the failure to raise the claim on direct appeal and actual prejudice stemming from the alleged violation. *United States v. Frady*, 456 U.S. 152, 168 (1982). Typically, ineffective assistance of counsel claims can be raised in collateral proceedings under § 2255 even if the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002).

To establish a denial of the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two prong test.  First, a petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, a petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, a petitioner must overcome the presumption that, under the circumstances, the challenged action was sound trial strategy. *Id.* at 689.

Second, a petitioner must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The Supreme Court's holding in *Strickland* thus places the burden on a petitioner raising a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The Sixth Amendment right to counsel is meant to protect the fundamental right to a fair trial. *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993).

### III.

The arguments that Noel raises in his initial motion and supplementary briefs to vacate his sentence will be addressed first. Second, his motions to vacate his sentence pursuant to *Hazel-Atlas* will be considered. Third, Noel's motions to expand the record will be resolved. Fourth, Noel's motion for appointment of an attorney will be addressed.

### A.

- 5 -

In his initial motion to vacate his sentence pursuant to § 2255, Noel makes the following arguments:

1) appellate counsel was constitutionally ineffective because he did not competently litigate a Sixth Amendment speedy trial issue;

2) appellate counsel did not competently litigate Fourth and Fourteenth Amendment issues on appeal;

3) appellate counsel did not competently litigate Fourth and Fourteenth Amendment issues regarding Michigan law on appeal;

4) appellate counsel was ineffective for not raising an argument regarding compulsory process and the Sixth Amendment on appeal;

5) appellate counsel did not raise a Confrontation Clause argument on appeal;

6) appellate counsel did not argue that Noel was denied the right to cross-examine a witness on appeal;

7) trial counsel Perry, Jr., was ineffective because he did not conduct a prompt and reasonable investigation of Noel's case;

8) substitute trial counsel Sasse was ineffective because he did not conduct a reasonable investigation of Noel's case;

9) appellate counsel failed to argue on appeal that Noel was a victim of prosecutorial misconduct;

10) appellate counsel did not argue that the prosecutors violated Noel's *Brady* rights;

11) appellate counsel did not argue that the trial court violated Noel's rights under *Brady* and *Jencks*;

- 6 -

12) appellate counsel did not argue that the trial court's ruling denying the return of Noel's money violated the Fifth and Fourteenth Amendments;

13) appellate counsel did not argue that there was a conflict of interest between Noel and his trial counsel, Perry, Jr.;

(14) appellate counsel did not argue that Noel's due process rights were denied when investigators swore under oath that Noel had sold cocaine to confidential informants;

15) appellate counsel did not argue that the trial court was biased against Noel.

Mot. Vacate, ECF No. 187.

To begin with, Noel's first claim, alleging that his appellate counsel did not competently argue that Noel's Speedy Trial rights were violated, is without merit.[1] On appeal, the Sixth Circuit held that the continuances granted by the district court were permissible because both parties agreed to them. ECF No. 177 at 4. In his supplemental brief, Noel argues that he did not give permission for his trial counsel to agree to the continuance. Supp. Brief at 6, ECF No. 196. Even if that is assumed to be true, the Sixth Circuit determined that the delays were primarily attributable to the many pretrial motions that Noel filed. ECF No. 177 at 3–4. Accordingly, regardless of whether Noel consented to the continuances, his Sixth Amendment and Speedy Trial Act rights were not violated. Noel cannot relitigate issues through a § 2255 motion that were raised and settled on appeal. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

---

[1] Noel consistently argues that his appellate counsel did not competently represent him. However, Noel has not provided any specific examples of incompetence other than the refusal to raise specific issues that Noel wanted to be argued. Thus, Noel seems to be attempting to relitigate issues that were raised on appeal through the guise of an ineffective assistance of counsel claim. A petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005). Despite this, the Court will liberally address Noel's arguments in an effort to fairly and conclusively address his concerns with his conviction.

In his second claim, Noel argues that his appellate counsel ineffectively argued that Noel was entitled to a *Franks* hearing.

> A defendant is entitled to a hearing to challenge the validity of a search warrant if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to the finding of probable cause.

*United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

In his supplemental brief, Noel argues repeatedly that a statement made by AUSA Nancy Abraham at a hearing held on October 21, 2009, indicated that there was no probable cause for the warrants which were issued against him. Supp. Br. at 11–18. Specifically, he quotes Ms. Abraham as saying:

> But this is not a drug case and the government has no obligation to produce a laboratory report or prove, in fact, that the substance that was seized prior to the execution of the warrant was, in fact, cocaine base. I believe there is sufficient probable cause in a field test to support the issuance of the Warrant. The Defendant is not charged in any way with any type of drug offense here.

*Id.* at 12–13.

Noel's argument appears to be that he was not selling drugs and thus the warrants which revealed the firearm possession which he was eventually charged with were invalid. But the Sixth Circuit reviewed this argument on appeal and concluded that Noel had not demonstrated that the investigators "knowingly and intentionally made false statements, or made them with reckless disregard for the truth." ECF No. 177 at 5. There is no evidence that Noel's appellate counsel did not represent Noel zealously and competently on this issue. As with Noel's first claim, this issue was litigated on direct appeal and so cannot be relitigated on collateral review.

Noel's third claim for relief appears to be identical to his second claim, except that he argues that a violation of Michigan law occurred. ECF No. 187 at 6–7. Further, in his

- 8 -

supplemental brief he indicates that he has abandoned this argument. *See* Supp. Br. at i. The Court is unable to find a clear statement of the argument that Noel is making in his third claim anywhere in the many voluminous filings Noel has submitted. However, Noel represents that he raised this issue on appeal. ECF No. 187 at 7. Because Noel has not articulated any legal arguments that are distinct from those considered by the Sixth Circuit, this claim is also barred because it was fully and fairly litigated before.

In his fourth claim, Noel argues that his appellate counsel did not raise an argument regarding Sixth Amendment compulsory process. However, he again represents in his supplemental brief that this claim has been abandoned. Supp. Br. at i. Further, the Court is unable to find any other mention of or support for this argument in Noel's other filings. Accordingly, Noel's representation that he is no longer asserting this argument will be accepted as true.

Noel's fifth claim asserts that his appellate counsel was ineffective because he did not argue that Noel was denied his rights under the Confrontation Clause at trial. In his supplemental brief, Noel quotes extensively from his cross-examination of Detective Cari Guerrero and Tim Larrison at trial. Supp. Br. at 21–24. Both testified that the warrant to search Noel's residence was based, at least in part, on the fact that a confidential informant had just bought cocaine at the house. Trial Tr. at 35–38, 90–91, ECF No. 162. In both cases, Noel objected to his inability to cross-examine the confidential informant. *Id.* at 38, 91. The Confrontation Clause can sometimes bar testimony which relates statements made by a confidential informant. *See United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). However, out of court statements made by confidential informants are not barred by the Confrontation Clause if only provided "by way of background" or to explain "how certain events came to pass or why the officers took the actions

they did." *Id.* at 676. If the statement was "not offered to establish the truth of the matter asserted, the Confrontation Clause does not apply." *Id.* Here, the testimony regarding the confidential informant's representation that a drug transaction occurred in Noel's home was offered only to establish why officers sought a search warrant. It was not offered to prove that a drug transaction actually occurred in the home. Accordingly, there was no Confrontation Clause violation, and Noel's appellate counsel was not ineffective for not raising this issue on appeal.

In his sixth claim, Noel argues that his appellate counsel was ineffective for not arguing that Noel was denied the right to present a defense and cross examine Detective Guerrero at trial. In his supplemental brief, Noel quotes from his cross-examination of Detective Guerrero. Supp. Br. at 29–34; Trial Tr. at 47–64. During that cross-examination, Noel repeatedly asked Detective Guerrero for the results of the drug field test that the investigators used as part of the basis for the search warrant of Noel's home. The results of the drug test were not provided because the trial court had previously ruled that the report did not need to be furnished. Noel has repeatedly made the point during his trial and in his subsequent filings that there were no drugs in his house and thus that the basis for the search warrant was invalid. But even if Noel's assertion that there were no drugs in his house is true, that does not establish that the officers who obtained the search warrants knowingly made or relied on deliberately false statements. *See* Order, ECF No. 72 at 12–13. There is no evidence that the investigators' reliance on the statements of the confidential informants and other evidence before them was not in good faith. Accordingly, even if Noel's contentions are accepted as true, the warrants were not unconstitutional. *See United States v. Leon*, 468 U.S. 897 (1984); *United States v. Weaver*, 99 F.3d 1380 (6th Cir. 1996). Thus, the decision of Noel's appellate attorney to not make this argument on appeal does not constitute ineffective assistance of counsel under *Strickland*.

In his seventh and eighth claims, Noel argues that his trial counsel, Russell Perry, Jr., and his substitute trial counsel, Kenneth R. Sasse, were constitutionally ineffective for not conducting a prompt and reasonable investigation of Noel's case. Noel's arguments in his supplemental brief all focus exclusively on the decision of his attorneys to not investigate the alleged evidence of cocaine possession which created the probable cause necessary for the search warrants of Noel's residence. Supp. Br. at 40–56. Noel has repeatedly argued—before trial, during trial, on appeal, and now while seeking post-conviction relief—that there was no probable cause for the search warrants. This issue was litigated before trial and on appeal in the form of Noel's request for a *Franks* hearing. For that reason, Noel cannot relitigate it here. However, the substance of Noel's argument will be addressed for the sake of completeness. Noel's counsel was not ineffective for failing to investigate this claim. To the contrary, Mr. Perry filed a motion to suppress the search warrants and all evidence found thereby because the warrants were not supported by probable cause. ECF Nos. 16, 18. After Mr. Sasse began his representation of Noel, he also filed a motion to suppress. ECF No. 51. Mr. Perry's and Mr. Sasse's representation of Noel on this issue appears to have been zealous and competent. They may not have exhaustively investigated every potential lead or piece of evidence, but the Sixth Amendment requires only reasonable assistance of counsel, not perfect representation. *Strickland*, 466 U.S. at 687–88. Noel has exhaustively briefed and argued this issue, but he has been unable to persuade this Court or the Sixth Circuit that either the investigators or the magistrate judge acted in bad faith in issuing the search warrant. For that reason, and even assuming that Noel's argument that no cocaine sales ever occurred in his residence is true, the decision by Noel's counsel to not exhaustively investigate this issue was not sufficiently prejudicial to Noel to constitute ineffective assistance of counsel. *Id.* at 692.

In his ninth claim, Noel asserts that his appellate counsel was ineffective because he did not argue on appeal that the federal prosecutor misrepresented to the jury at trial that Noel had possessed small quantities of cocaine. Noel argues that the prosecutor's statements regarding the existence of cocaine prejudiced the jury. Supp. Br. at 65–66. But the prosecutor only mentioned the cocaine because Noel consistently and repeatedly argued at trial that there was no cocaine in his residence. *See, e.g.,* Trial Tr. at 5–8, 16–19. More importantly, the statements that Noel specifically references in his supplemental brief were made by the prosecutor outside the presence of the jury. *See* Trial Tr. Vol. II, ECF No. 163, at 11–28. Because the jury did not hear the prosecutor's statement, it could not have prejudiced the jury. Appellate counsel's decision to not raise this issue on appeal did not constitute ineffective assistance of counsel.

In his tenth claim, Noel argues that his appellate counsel was ineffective for not arguing that the federal prosecutors withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* is violated only if the withheld evidence is material, and "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Noel's claim does not succeed. First, the existence of the evidence was disclosed to Noel. In fact, he asked for it. However, the district court ruled that the records Noel sought were "irrelevant." *See, e.g.,* Trial Tr. Vol. II at 28. Thus, this information was not unknown to the defense. *See Bagley*, 473 at 678. Rather, it was known but deemed nonmaterial to the case. There was no *Brady* violation here, and thus counsel's decision to not raise this argument did not constitute ineffective assistance of counsel.

Noel indicated in his supplemental brief that he has abandoned his eleventh claim. Supp. Br. at iv. He made the same representation in his objections to the Magistrate Judge's second

- 12 -

report and recommendation. ECF No. 234 at 11. Even if that had not been abandoned, it is meritless. Noel seems to argue that his *Brady* and *Jencks* rights were violated. This argument appears largely duplicative of Noel's tenth claim, which was addressed directly above.

In his twelfth claim, Noel argues that his appellate counsel was ineffective for not arguing on appeal that Noel's due process rights were violated when the trial court refused to order the return of Noel's money. Noel asserts that his money was seized pursuant to procedurally and substantively invalid state forfeiture proceedings. *See* Supp. Br. at 84–96. Noel does not appear to argue that the federal government seized the money he seeks to have returned, and the Court can find no evidence that the federal government has possession of the money now. Thus, Noel simply appears to be challenging the validity of the state forfeiture proceedings. Those proceedings should be challenged in state court, and thus the decision by appellate counsel to not make this claim on appeal did not constitute ineffective assistance of counsel.

Noel has apparently abandoned his thirteenth claim as well. *See* Supp. Br. at iv; Reply at 11, ECF No. 232. Further, the claim itself is meritless. Noel argues that there was a conflict of interest between Noel and Mr. Perry. However, the Court allowed Mr. Sasse to substitute for Mr. Perry as counsel. Noel has not provided any evidence or substantiation for the claim that the purported conflict of interest was not resolved by that substitution.

The Court is unable to discern any new arguments advanced in Noel's fourteenth claim. Instead, he seems to simply reiterate his argument that there was no probable cause to believe cocaine transactions were occurring in his residence and thus the warrants were invalid. *See* Supp. Br. at 97–117; Reply at 11–12. That claim has been exhaustively litigated through Noel's prosecution and appeal, and it has further been directly addressed in this Order. Accordingly, Noel's fourteenth claim is meritless.

In his fifteenth claim, Noel argues that the district court was biased against him. Specifically, he argues that the Court interrupted the trial and demonstrated partiality in front of the jury. *See* Supp. Br. at 118–35. Having reviewed the portions of the trial transcript which Noel cites, the Court is unable to find evidence of judicial bias. Noel might simply be arguing that there was an appearance of bias. Apparent bias violates constitutional due process only in two cases: where the judge has a significant pecuniary interest in reaching a particular outcome, and "certain contempt cases" where the judge becomes personally combative with the contemnor. *Railey v. Webb*, 540 F.3d 393, 400 (6th Cir. 2008) To the extent there was an appearance of bias, Noel has not provided any evidence that the Court had a pecuniary interest in reaching a particular conclusion. Further, this is not a contempt case. Because Noel has not demonstrated a prejudicial constitutional error or that there was a complete miscarriage of justice, Noel's fifteenth claim is meritless under the § 2255 standard for relief.

Accordingly, all claims that Noel advances in his original motion to vacate, EFC No. 187, are meritless. That motion will be denied.

On July 28, 2014, Noel filed a motion to brief a supplemental issue regarding his motion to vacate. ECF No. 208. In that motion, Noel reiterates his arguments that the search warrants used against him where not based on probable cause. That issue has been addressed at every stage of Noel's proceedings. Noel's claim is meritless. Accordingly, Noel's motion to file the supplemental brief will be denied because amending the motion to vacate to include this argument would not change the Court's analysis or conclusion.

On June 28, 2016, Noel filed another motion to leave to file a supplemental brief. ECF No. 236. He argues that he is entitled to relief pursuant to the Supreme Court's decision in *Johnson v. United States*. 135 S. Ct. 2551 (2015). That decision found that the residual clause of

- 14 -

the Armed Career Offenders Act, 18 U.S.C. § 924(e)(2)(B) was void for vagueness. *Id.* However, Noel was sentenced under 18 U.S.C. § 924(e)(2)(A)(ii). *See* ECF Nos. 150, 173, 177. He is not entitled to relief under *Johnson*. Accordingly, Noel's motion to file a supplemental brief making that argument will be denied as futile.

**B.**

Noel also filed two subsequent motions, ECF Nos. 217, 230, to vacate his sentence pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238. 28 U.S.C. § 2244(b)(3)(A) provides that a second or successive motion for habeas relief can be filed only if the court of appeals has authorized the district court to consider that motion. *See Clark v. United States*, 764 F.3d 653, 657 (6th Cir. 2014). To the extent that Noel's second two motions to vacate his sentence are construed as independent motions for habeas relief, this Court does not have jurisdiction to consider them. However, motions to amend that are submitted before the consideration of an initial § 2255 claim is "decisively complete" are not second or successive applications for habeas relief. *Id.* at 659. Because the Court prefers to resolve arguments on their merits and because Noel is pro se and thus his motions should be interpreted liberally, the Court choses to construe Noel's two pending motions for relief under *Hazel-Atlas* as motions to amend his initial motion for relief under § 2255.[2] Accordingly, the merits of Noel's arguments will be considered.

Pursuant to *Hazel-Atlas*, the Court can vacate a "judgment whose enforcement would work inequity." *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) (citations omitted). The standard is demanding. Relief is appropriate only if the movant can show: "(1) an intentional

---

[2] Noel has consistently objected to what he sees as the mischaracterization of his motions for relief under *Hazel-Atlas*. He argues that they are not motions for relief pursuant to § 2255, and thus should not be construed as motions under § 2255. Noel's arguments reflect a misunderstanding: construing the motions as attempts to amend his original motion under § 2255 will enable the Court to consider those arguments while resolving the remainder of Noel's motions and will not impact the Court's analysis of the arguments made within Noel's *Hazel-Atlas* motions.

fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

Noel argues in both of his motions that the Court was deceived because the officers obtained search warrants for Noel's home by fraudulently representing that cocaine sales were occurring in the residence. Thus, Noel is simply reasserting the same argument which has been repeatedly rejected by every court to consider it. There is no evidence that the investigators or prosecutors were engaged in an intentional fraud. Even if they did engage in intentional fraud, Noel has not provided any evidence that the federal court was deceived by any misrepresentations made in the process of obtaining the search warrant. Accordingly, Noel's motions requesting relief under *Hazel-Atlas* will be denied because even if his original § 2255 claim was supplemented with those claim, it would not change the Court's conclusions.

## C.

Noel has also filed numerous motions which seek discovery and for an expansion of the record. *See* ECF Nos. 198, 199, 202, 203. In his May 1, 2014, filing, Noel requests leave to file an affidavit prepared by himself. ECF No. 198. In his May 29, 2014, filing, Noel seeks leave to file supplemental exhibits in support of his motion for relief under § 2255. ECF No. 199. In his two June 30, 2014 filings, Noel seeks the production of various documents, all related to the investigation and interactions with confidential informants that formed the basis for the probable cause to search Noel's residence. ECF Nos. 202, 203.

28 U.S.C. 2255(b) explicitly provides that a petitioner under § 2255 is entitled to a hearing at which to make findings of fact regarding his claim for habeas relief unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The petitioner's burden for "establishing an entitlement to an evidentiary hearing is relatively

light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). Because an evidentiary hearing would be the most effective means by which Noel's requests for additional discovery and affidavits could be granted, his motions seeking discovery and to expand the record will be construed as motions for an evidentiary hearing.

However, because the files and records conclusively show that Noel is not entitled to relief, his requests for an evidentiary hearing will be denied. These motions involve yet another attempt by Noel to demonstrate that the search warrants in his case were obtained fraudulently. Noel sought this same discovery and attempted to make these same arguments before this Court prior to trial. In this Court's January 11, 2010, order, the Court explained:

> At hearing, Defendant specifically requested certain documents, including surveillance notes, NARC and field test reports, and state police laboratory reports, because he believed that if the controlled purchases were executed in accordance with required procedure, they would demonstrate that information known to the officers at the time they applied for the search warrants was either omitted from the application or misrepresented in the application.

ECF No. 86 at 7.

The Court further noted that

> Defendant contends that Assistant United States Attorney ("AUSA") Nancy Abraham manufactured and falsified five police incident reports in response to his request made at the hearing for the government to produce certain documents. Defendant contends that this constitutes prosecutorial misconduct and a Brady violation. Defendant also objects to the fact that the alleged controlled substances were not preserved.

*Id.*

Despite these arguments by Noel, the Court concluded that

> Defendant has not made a "substantial preliminary showing," *United States v. Rodriguez-Suazo*, 346 F.3d 367, 648 (6th Cir. 2003), that the affidavits in support of the search warrants contained deliberately false statements or that affiants showed a reckless disregard for the truth; and therefore, Defendant is not entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). Additionally, for the reasons cited in this and the Court's prior order, the Court finds that the search warrants executed on August 3, 2007, and July 24, 2008,

were supported by probable cause. Moreover, even if probable cause were lacking, the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applies, as explained in the Court's prior order.

*Id.*

Thus, Noel already made these arguments and sought this discovery before trial. Despite those arguments, this Court held that the record was clear that probable cause to obtain the search warrants existed. Even if all of Noel's factual allegations regarding the absence of cocaine in his residence are assumed to be true, there is simply no evidence in the record that the officers did not act in good faith. Accordingly, the good faith exception of *Leon* applies. Noel has not advanced any new arguments or made any new factual assertions which cast doubt on the Court's previous determination that probable cause for the search warrants existed. Accordingly, Noel is not entitled to an evidentiary hearing.

**D.**

Finally, Noel has requested that counsel be appointed to represent him. ECF No. 205. There is no general right to counsel for prisoners "mounting collateral attacks upon their conviction." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). If a petitioner is entitled to an evidentiary hearing, then the petitioner is also entitled to counsel. *Gomez v. United States*, No. 1:06-CR-30, 2010 WL 1609412, at *1 (E.D. Tenn. Apr. 20, 2010). Otherwise, appointment of counsel in habeas cases is appropriate only if the case is so difficult that the defendant could obtain justice on his own and there is a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Noel has been extremely diligent and thorough in his litigation of his § 2255 claim. Further, the issues that Noel is presenting are not difficult. Accordingly, there is no reason to appoint a lawyer to represent Noel. His motion for appointment of counsel will be denied.

**E.**

Although the Magistrate Judge's report and recommendation will be rejected, the Court will also briefly address Noel's objections to that report, ECF No. 234, in order to clarify the basis on which the Court is denying relief. Noel's first two objections assert that the Magistrate Judge did not consider Noel's briefs and supporting exhibits which he has filed in support of his motion to vacate his sentence. ECF Nos. 196, 197, 232. This Court has read and considered the arguments raised in those documents.

Noel's next objection asserts first that the clerk of the court mischaracterized his two motions seeking relief under *Hazel-Atlas*. As already mentioned, those motions will be construed as attempts to amend Noel's original motion to vacate his claim so that the Court may review the merits of those motions instead of rejecting them on procedural grounds. Next, Noel argues that the Magistrate Judge ordered that the government respond to his motions for relief but then entered the report and recommendation before that response was filed. The Magistrate Judge ordered a response from the government on January 23, 2015. ECF No. 222. On April 15, 2015, the Government filed a response. ECF No. 229. On May 20, 2015, the report and recommendation was issued. Accordingly, Noel has not been prejudiced in any way. Further, this Court has reviewed all the briefs filed by the Government and by Noel in response, ECF No. 232.

In his fourth objection, Noel argues that the Magistrate Judge misconstrued the claims in his motion for relief under § 2255. This Court has independently reviewed and analyzed that motion. To the extent possible, this Court has attempted to faithfully represent and address Noel's arguments.

Noel's fifth objection asserts that the Magistrate Judge erred by rejecting his claims on procedural grounds even though the Government did not argue that his claims were procedurally

barred. The Government has now argued that Noel's claims are procedurally barred. *See* ECF No. 229.

Noel's sixth and seventh objections simply challenge the Magistrate Judge's analysis of his claims. This Court has analyzed Noel's claims and arguments in the first instance. In his eighth objection, Noel contests the Magistrate Judge's determination that an evidentiary hearing is not necessary. This Court independently analyzed that issue and likewise concluded that the record clearly foreclosed Noel's arguments for relief. Finally, Noel argues that he is not receiving his legal mail in a timely fashion. That objection is extraneous to the Magistrate Judge's report and thus need not be addressed.

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).   "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).   In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.   "The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 233, is **REJECTED.**

It is further **ORDERED** that Petitioner Noel's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 187, is **DENIED.**

It is further **ORDERED** that Petitioner Noel's motions to supplement his motion for relief under 28 U.S.C. § 2255, ECF Nos. 208, 217, 230, and 236, are **DENIED.**

It is further **ORDERED** that Petitioner Noel's motions to expand the record and seeking discovery, ECF Nos. 198, 199, 202, 203, are **DENIED.**

It is further **ORDERED** that Petitioner Noel's motion for appointment of counsel, ECF No. 205, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: October 13, 2016                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager