UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 08-cr-20497

v                                                   Honorable Thomas L. Ludington

ROBERT NOEL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR FINDINGS AND CONCLUSIONS**

On February 12, 2014, Defendant Robert Noel filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 187. Noel listed fifteen grounds of error supporting the vacatur of his conviction. *Id*. While the motion itself was lengthy, at thirty-six pages with attachments, it did not include a brief in support of his grounds for relief. On the same day, however, Noel filed a motion for an extension of time to file a brief in support of his § 2255 motion. ECF No. 189. He requested 120 days to file his brief. *Id*.

Noel's motions were referred to Magistrate Judge Charles E. Binder for consideration. ECF No. 190. On February 20, 2014, Magistrate Judge Binder granted in part and denied in part Noel's motion for an extension. ECF No. 192. Noel was given until April 7, 2014 to file his brief. *Id*. On March 31, however, Noel sought another extension, this time for thirty days. ECF No. 193. This motion was also referred and Magistrate Judge Binder granted the motion in part, giving Noel until April 30, 2014, to file his brief. ECF No. 194. Noel timely filed his 156 page brief, and its accompanying exhibits, in support of his § 2255 motion with the Court on April 30, 2014. ECF Nos. 196 & 197. Noel's brief and its accompanying exhibits were docketed on May 2, 2014. *Id*.

Since that time, the docket was inundated with motions by Noel related to his § 2255 petition. *See* ECF Nos. 198, 199, 202, 203, 205, & 208. The motions were also referred to Magistrate Judge Patricia T. Morris.[1] *See* ECF Nos. 200, 204, 206, & 213.

On September 5, 2014, Judge Morris issued a report and recommendation which denied all of Noel's pending motions. ECF No. 214. On January 14, 2015, this Court rejected that report and recommendation because the report and recommendation needed to address a response the government had been directed to file and because several arguments made in Noel's supporting brief also needed to be addressed. The case was referred to the Magistrate Judge for further consideration.

Noel subsequently filed a two motions which referenced *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). ECF No. 217, 230. On May 20, 2015, Judge Morris issued a second report and recommendation. In that report, Judge Morris concluded that the Government's response to Noel's motion to vacate had now been considered, but the report did not refer to Noel's supplementary brief or the factual assertions that Noel makes in that brief. On October 13, 2016, the Court issued an opinion and order which rejected Judge Morris's report and recommendation for failing to consider the supplementary brief and factual assertions as directed. The Court then conducted a de novo review of Noel's claims and motions and concluded they were meritless. Now, Noel has filed a motion "for findings and conclusions / and objections." ECF No. 239. It will be denied.

**I.**

Noel styles his motion as seeking a statement of "findings and conclusions" pursuant to Federal Rule of Civil Procedure 52(a)(1). That rule applies to actions "tried on the facts without

---

[1] Magistrate Judge Morris was appointed and assumed responsibility for the case on May 16, 2014.

a jury or an advisory jury" (a bench trial). *Id.* It is thus not applicable to Noel's motions for post-conviction relief. Rather, Noel's current motion is, in effect, a motion for reconsideration of the Court's opinion.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

Noel's 31 page motion makes a variety of arguments, but none that have not already been directly presented and addressed by the Court's prior order. He first objects to the Court's articulation of his claims. On pages 4 through 6 of his motion, he lists his claims. The Court has reviewed that explanation of his claims and finds no material differences between that list and the Court's list on pages 6–7 of the October 13, 2016, order. Noel also argues that the Court improperly construed his motions regarding the *Hazel-Atlas* decision as motions for relief under § 2255. Regardless of how those motions are construed, the Court addressed the relevance of the *Hazel-Atlas* decision in its October 13, 2016, order and found that Noel was not entitled to relief.

Noel also objects to the manner in which his legal mail has been sent to him. But Noel received the mail and has not been prejudiced by any delay that may have occurred.

Finally, Noel reiterates arguments regarding each of his claims for relief. The Court has reviewed those arguments and factual assertions. The Court can find no new fact or legal basis for relief which was not directly considered in the October 13, 2016, order. Certainly, Noel has not provided any new information which would change the legal analysis in the Court's opinion. Rather, Noel is attempting for the most part to relitigate claims which have been exhaustively briefed, argued, and addressed throughout the course of Noel's prosecution and conviction. Noel clearly believes that his trial and appellate counsel made errors in their representation of him. But, as explained in the Court's October 13, 2016, order, the Sixth Amendment does not entitle Noel to perfect representation. Here, Noel seems to be faulting his counsel primarily for not prevailing on certain arguments. That lack of success is not constitutionally-cognizable prejudice.

Noel had a right to a fair trial, an opportunity to appeal, and an opportunity to attack his conviction via habeas petitions. He received all three of those entitlements. At each stage, Noel's attacks on the propriety and constitutionality of his conviction have been rejected. Nevertheless, Noel continues to reassert those arguments. Noel may be entitled to challenge his conviction, but he is not entitled to continually assert the same arguments in post-conviction proceedings. Noel was fairly and constitutionally convicted. His appeal and habeas petitions have been rejected as meritless. None of the arguments he now raises cast any doubt on that outcome.

Accordingly, it is **ORDERED** that Noel's motion for findings and conclusions, ECF No. 239, is **DENIED.**

- 5 -

Dated: March 14, 2017        s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---