UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 08-20497

v.                                          Honorable Thomas L. Ludington

ROBERT NOEL,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR FOR RELIEF UNDER SECTION 401 OF THE FIRST STEP ACT OF 2018**

On April 9, 2010, a jury convicted Defendant Robert Noel of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 136. He was sentenced to two concurrent terms of 188 months imprisonment. ECF No. 154. He is currently housed at Federal Correctional Institute, Loretto ("FCI Loretto") in Pennsylvania.

On October 27, 2020, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or, alternatively, relief under section 401 of the First Step Act of 2018. ECF No. 249. Plaintiff, the United States of America (the "Government"), responded on November 19, 2020. ECF No. 250. Defendant has not filed a reply brief. For reasons stated below, Defendant's Motion for Compassionate Release or Relief Under Section 401 of the First Step Act of 2018 will be denied.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On August 10, 2020, Defendant submitted a written request for compassionate release to the BOP. ECF No. 249 at PageID.2754. His request was denied on August 20, 2020. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See id.* at *2 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See United States v. Elias*, No. 20-3654, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021). Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

Defendant is a 56-year-old male who suffers from type II diabetes and obesity. ECF No. 249 at PageID.2752. The CDC states that persons suffering from type II diabetes or obesity are at an increased risk of developing COVID-19 complications. *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/SFP9-VWGM] (last visited Jan. 28, 2021). While the situation at FCI Loretto has improved,[2] the facility is still experiencing a COVID-19 outbreak, with one inmate and 16 staff members reporting active infections. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/HQ3Q-ZPQM] (last visited Jan. 28, 2021). Under these circumstances, Defendant has an extraordinary and compelling reason for release.

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 980 F.3d at 1108. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[2] At least 710 inmates and 47 staff members at FCI Loretto have recovered from COVID-19. *See COVID-19*, *supra*.

> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at *11 (internal quotations and citations omitted). Here, the two most pertinent factors are the "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). Both factors weigh against a sentence reduction.

Defendant's Presentence Investigation Report ("PSR") reveals a troubling career of crime that culminated in his conviction for the underlying offense. In 1991, after years of various minor convictions, Defendant was convicted of multiple counts of delivering cocaine. He was eventually paroled in 2004. Between August 2007 and August 2008, three search warrants executed at Defendant's residence produced five firearms: three pistols, a rifle, and a shotgun. Defendant was later indicted for and convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 136.

While Defendant has since served the majority of his 188-month sentence, the seriousness of his underlying offense and criminal history suggest that the remainder of his sentence should be

served "to promote respect for the law" and "afford adequate deterrence." *See* 18 U.S.C. §§ 3553(a)(1)(A)–(B). Furthermore, while Defendant suggests reducing his term to home confinement, he has offered nothing in terms of a verifiable release plan. Accordingly, Defendant is ineligible for compassionate release because the § 3553 factors do not support a sentence reduction.

## II.

Defendant also moves for relief under section 401 of the First Step Act, which "narrow[ed] the scope of prior drug convictions that trigger a higher sentence." *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir.), *cert. denied*, 141 S. Ct. 344 (2020). He argues that under the First Step Act, his prior convictions for the delivery of cocaine would not constitute "serious drug offenses" and therefore could not be used to enhance his sentence. *See* ECF No. 249 at PageID.2751–52.

Defendant's argument fails for two reasons. First, section 401 is not retroactive and "appl[ies] only where a sentence for the offense has not been imposed as of the date of enhancement." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 1237 (2020). Because Defendant was sentenced in 2010—long before the First Step Act became effective on December 21, 2018—he is not entitled to relief under section 401. *See id.* (holding that section 401 did not apply to defendant who was sentenced for underlying offense on September 19, 2018).

Second, even if section 401 were retroactive, it would not affect Defendant's sentence because he was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Indeed, "[t]he First Step Act modified the definition of 'serious drug felony' in 21 U.S.C. § 802, . . . not . . . the definition of 'serious drug offense,'" which appears in the ACCA. *United States v.*

*Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *7 (W.D. Mich. Dec. 5, 2019); *see also United States v. Smith*, 798 F. App'x 473, 476 (11th Cir. 2020) ("Nothing indicates that Congress intended to replace the ACCA's separately defined term. And, contrary to [defendant's] argument, the rule of lenity does not apply here because the statutes are not ambiguous."). Consequently, Defendant is not entitled to relief under section 401 of the First Step Act.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release or Relief Under Section 401 of the First Step Act of 2018, ECF No. 249, is **DENIED**.

Dated: January 28, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robert Noel** #42345-039, LORETTO Division III FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, CRESSON, PA 16630 by first class U.S. mail on January 28, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager